Sneed, J.,
delivered tlie opinion of the court:
This is a bastardy proceeding, in which the defendant, upon appeal from the county court of Cannon county to the circuit court, was adjudged the father of an illegitimate child born to the relator, Sarah Styles.
The defendant has waived all matters of defense arising upon the trial of the case in the circuit court, by failing to appeal therefrom, and by submitting to the orders of said court remanding the cause to the county court for further proceeding. After the case was so remanded to the county court, [it] proceeded under the order of filiation to require the defendant to give bond to maihtain the child according to the provisions of the statute, [and] in default thereof to be committed to prison.
This the defendant refused to do, and left the court without leave. Under a capias, he was again brought into court and ordered to indemnify the county by giving bond, as required, and upon his declining to do so, he was again ordered to jail, and from that judgment of imprisonment, he appealed again to the circuit court, where his áppeai was dismissed, and he thereupon appealed in error. If the defendant stood in open and willful contempt of the order of the county court, or, in other words, if when ordered to execute the required bond, he was fully able to do so, but contumaciously refused, then he did stand in open contempt, and was liable to be committed. As far as the record discloses, there was no excuse for his conduct, and the judgment of imprisonment was correct, and the appeal v?as properly dismissed.
If, on the other hand, the defendant was shown by testimony satisfactory to the court, that he was unable to give the required security, this he had a right to do, and in the case he did so, he would be guilty of no contempt, and the court could not lawfully imprison him. The act of 1741, ch. 14, sec. 10, which authorizes the county court to commit the defendant to jail in such case, upon the mere *614 failure to give bond to indemnify tire county, bas not been carried into the Code, and, in effect, is abrogated and repealed. Yide Code, sec. 5367 [Shannon’s Code, sec. 7345]. Indeed, such proceeding would be nothing less, in effect, than imprisonment for debt. For it is not a fine or forfeiture, but a debt of indemnity due the county, which, in such a proceeding, is adjudged against the defendant. The statute now provides for no judgment of imprisonment upon a mere failure to give the required bond. Code, sec. 5367 [Shannon’s Code, sec. 7345].
But an act of willful contempt of the orders of the county court stands upon a totally different footing. The county court, in this case, if the defendant is utterly unable to give the security, and this is made to appear satisfactorily to the court, cannot lawfully imprison him.
And all that can be done in the present state of the law is to proceed under the statute, which vests it with full power to enforce its judgment by the collection of money forthwith by execution, or by the collection of installments as they respectively fall due, or otherwise, according to the exigency of the case. Code, sec. 5371 [Shannon’s Code, sec. 7349]. This simply means that the county court can proceed to collect the debt thus due, for its indemnity, just as any other debt is collected, but not by the imprisonment of the debtor.
Affirm the judgment, and remand the cause to the county court.